Stephen Z. Vegh (SBN 174,713)
VEGH IP LEGAL
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266
Email: svegh@veghlaw.com
Tel: (310) 980-7440
svegh@veghlaw.com

Attorneys for Plaintiffs
Melanie Born, EDA
Public Relations, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE BORN, an individual residing in Tennessee; EDA Public Relations, Inc., a California corporation;<br><br>Plaintiffs<br><br>vs.<br><br>GROUP VOYAGERS, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:26-cv-3042<br><br>**COMPLAINT FOR:**<br><br>**COPYRIGHT INFRINGEMENT [17 U.S.C. § 501];** |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD: Plaintiffs Melanie Born ("MB") and EDA Public Relations, Inc. ("EDA")(collectively referred to herein as "Plaintiffs") file this Complaint and, demanding trial by jury, complain and allege as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This action as hereinafter more fully appears arises under the United States Copyright Act (17 U.S.C. § 101, *et seq.*), and is for federal copyright infringement, amongst others. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has



VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

original and exclusive subject-matter jurisdiction. Jurisdiction is also appropriate based upon 28 U.S.C. § 1332 since the parties are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs. Defendants infringement exploited California's extensive marketplace, wherein MB maintained substantial business contacts and financial interests at relevant times. Defendants have reaped significant commercial gain from their tortious conduct to the significant detriment and injury of Plaintiff. The Court also has pendent supplemental jurisdiction pursuant to 28 U.S.C. § 1337 over the breach of contract claim because it arises from a nucleus of operative facts common to the copyright infringement claim.

**2.** Defendants have advertised, offered, and/or sold their travel and tourism services in and/or to this judicial district under works that infringe Plaintiff MB's copyrights. Venue is proper under 28 U.S.C. §§ 1391 and 1400(a) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district and has caused damage to Plaintiffs in this district, Defendants are soliciting business from California residents and thereby conduct business in this judicial district using Plaintiff's copyrighted works, and Defendants are subject to personal jurisdiction in this judicial district.

## PARTIES

3. Plaintiff MB at relevant times was a resident of Orange County, California. She currently resides in Tennessee.

4. Plaintiff EDA has been and is a corporation organized and existing under the laws of the State of California and having a principal place of business at 5 Splendor Way, Ladera Ranch CA 92694.

5. Upon information and belief, Plaintiffs allege that Defendant Group Voyagers, Inc. ("GVI") is a corporation organized and existing under the laws of New York and conducting business with California residents.

6. Upon information and belief, Plaintiffs allege that GVI is owned by

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

Globus Travel Services, SA, a Swiss limited share company.

7. Plaintiff are further informed and believe that GVI is doing business as the Globus Family of Brands, which includes Globus, Cosmos, and Avalon Waterways ("Globus family of brands"). GVI manages sales, operations, and marketing for the Globus family of brands in the United States.

8. Plaintiffs are informed and believe, and thereon allege, that at all relevant times mentioned herein, Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries, as hereinafter alleged were proximately caused by the acts of Defendants.

9. The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs and therefore they are sued herein under the foregoing names, which are fictitious, and upon ascertaining their true names, relief will be asked to amend this Complaint by inserting the same. Plaintiffs are informed and believe that each of the fictitiously named Defendants are responsible in some manner for the acts herein alleged and that Plaintiffs' injuries as herein alleged were proximately caused by said DOE Defendants.

10. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and in so doing the things hereinafter alleged, was acting within the scope of such agency.

**<u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>**

11. For nearly two decades, Plaintiff EDA entered into and renewed several independent contractor agreements with GVI (hereinafter "Agency Service Agreements") to provide ongoing public relations and communications services. GVI's engagement of Plaintiff MB through her company EDA Public Relations, Inc., was for an ongoing public relations and communications-services relationship.

12. Under the Agency Service Agreements, the parties operated under a services relationship with GVI paying for MB's public relations and communications-

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

services offered through EDA Public Relations, Inc. Under no circumstances did Defendants commission Plaintiffs to acquire the intellectual property rights in MB's creative works and copyrights thereon or to satisfy detailed deliverables (none of which GVI ever included in its previous multiple Agency Service Agreements with EDA or otherwise).

13. During the engagement with GVI, Plaintiffs decided what works to create, along with how to create them. MB independently conceived, developed, maintained, revised, and updated the works she created in the Central District of California during her ongoing public relations and communications-services relationship with GVI (hereinafter "the MB Creative Works"). MB was the sole author of the MB Creative Works comprising the underlying foundational brand and messaging platforms for the Globus family of brands, together with related campaign, website, email, video, and social content pieces. Plaintiffs exercised judgment and creativity as to what language should be used and what information should be included in the MB Creative Works. Each of the MB Creative Works are original works and independently created by MB. Defendants understood that Plaintiffs controlled the creative process for the MB Creative Works. Plaintiffs possess the exclusive rights afforded copyright owners under 17 U.S.C. § 106, including the rights to reproduce, prepare derivative works from, and distribute the MB Creative Works.

14. The MB Creative Works number in the hundreds across consumer engagement, lead generation, trade channels, and revenue-generating marketing activities in which the Globus family of brands communicate. The MB Creative Works include but are not limited to messaging architecture and playbooks, campaign systems, website copy, CRM/email content, social media, video scripts, sales and trade marketing content, on trip content, original brand programs, taglines, and sub-brand expressions that define how the Globus family of brands communicates with consumers, travel advisors, and the broader marketplace. Plaintiffs retained and controlled the underlying files for the MB Creative Works. Attached hereto as Exhibit

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

"1" is a true and correct copy of a table identifying the category and nature of the MB Creative Works in the first and second columns and their use on or before July 14, 2026 in the third column.

15. None of the prior Agency Service Agreements between EDA and GVI, from the original engagement on January 1, 2008 through the most recent October 8, 2025 Agency Services Agreement (hereinafter "2025 Agency Service Agreement") contained any provision (1) identifying the relationship between GVI and Plaintiffs as a work-for-hire, (2) assigning intellectual property rights from Plaintiffs to GVI, (3) identifying a detailed list of deliverables, and (4) giving GVI an unrestricted right to use, exploit, license, or transfer the MB Creative Works. Paragraph X, subpart 3, of the 2025 Agency Service Agreement expressly provides that the agreement is governed by California law. Attached hereto as Exhibit "2" is a true and correct copy of the 2025 Agency Service Agreement.

16. Under the totality of the parties' course of dealing, conduct, and performance under the prior Agency Service Agreements and the 2025 Agency Service Agreement, and Defendants' own statements, GVI was permitted to use the MB Creative Works only so long as MB through EDA provided the contracted public relations and communications services to GVI. GVI's continued right to use the MB Creative Works was inextricably intertwined with and conditioned on the existence of an ongoing public relations and communications services relationship between Plaintiffs and Defendants.

17. In May 2026, with roughly 18 months left on the 24-month term of the October 2025 Agency Service Agreement, GVI proposed a new Agency Services Agreement with Plaintiffs (hereinafter "the May 2026 Draft Agreement"). **For the first time** in the parties' nearly two decades' relationship, the May 2026 Draft Agreement sought a retroactive, broad assignment of all MB Creative Works from Plaintiffs to Defendants and identified a detailed list of those deliverables that Plaintiffs would be required to provide to GVI going forward. Attached hereto as Exhibit "3" is

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

a true and correct copy of the May 2026 Draft Agreement. When Plaintiffs inquired about why Defendants needed a new Services Agreement, mid-contract, Adebola Aina, Defendants' corporate counsel, subsequently confirmed to MB that GVI required the retroactive, mid-cycle assignment because Defendants recognized they did not own or have unlimited rights to use or license the MB Creative Works and that prior Agency Service Agreements failed to identify such deliverables.

18. Prior to July 14, 2026, Defendants used some of the MB Creative Works under circumstances that Defendants may contend gave rise to a limited implied license. Plaintiffs did not grant Defendants an unrestricted or perpetual license to use the MB Creative Works.

19. To the contrary, on July 14, 2026, Plaintiffs informed Ms. Aina that they would not agree to the terms of the May 2026 Draft Agreement that required assignment by Plaintiffs of their rights in the MB Creative Works to GVI. In that same letter, Plaintiffs required GVI to agree to only use the MB Creative Works on an interim basis while the parties negotiated a license or purchase of the MB Creative Works by GVI, and to provide immediate assurances of Defendants' commitment to engage in the good-faith negotiations. GVI had to immediately cease all use of the MB Creative Works in the absence of their agreement to these terms.

20. Defendants neither provided the requested assurances nor agreed to the proposed interim-use arrangement. Defendants also failed to engage in any good-faith negotiations. Accordingly, Defendants acquired no authorization to continue using and were required to immediately cease all use of the MB Creative Works after July 14, 2026.

21. ***That same day***, Ms. Aina on behalf of GVI, terminated EDA's services under the October 2025 Agency Service Agreement with ***immediate*** effect and misrepresented that Plaintiffs had terminated the Agreement. Also on July 14, 2026, Ms. Aina communicated company-wide that EDA was no longer the agency of record for the Globus family of brands due to a legal matter. By presenting the May 2026

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

Draft Agreement to Plaintiffs, Defendants recognized that neither under the 2025 Agency Service Agreement nor by implication had Defendants acquired an unlimited, perpetual, and irrevocable right to use the MB Creative Works independent of and after the services relationship with Plaintiffs ended.

22. On September 1, 2026, Plaintiffs confirmed that if Defendants had any prior revocable implied authorization to use the MB Creative Works, it ended effective July 14, 2026. Plaintiffs also informed Defendants that the Copyright Office had issued registrations for five of the MB Creative Works with effective dates of June 25, 2026 and July 7, 2026, which Plaintiffs identified by registration number.

23. On October 8, 2026, Plaintiffs again demanded that Defendants immediately cease all unauthorized use of the MB Creative Works and placed them on express notice that their continued unauthorized use constituted further willful copyright infringement within the meaning of 17 U.S.C. § 504(c)(2), subjecting Defendants to enhanced statutory damages.

24. Notwithstanding, Defendants' unauthorized use of the MB Creative Works has continued.

**<u>FIRST CLAIM FOR RELIEF</u>**

**(Infringement of Copyrights against Defendants, DOES 1 through 10)**

**[17 U.S.C. § 501]**

25. Plaintiffs repeat, reallege and incorporate herein by this reference each and every allegation set forth in Paragraphs 1 through 24 above.

26. To protect their original content, MB filed federal copyright applications for a small sampling of the MB Creative Works with the U.S. Copyright Office.

27. MB owns the copyright to the literary work “Touring Messaging Playbook”, a copy of which is attached hereto as Exhibit 4A. MB’s copyright in “Touring Messaging Playbook” is registered with the U.S. Copyright Office as Reg. No. TXu 2-560-799 with an effective date of June 25, 2026, a copy of which is attached as Exhibit 4B.

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

28. Subsequent to the registration of the "Touring Messaging Playbook" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in the "Touring Messaging Playbook" by using its foundational messaging architecture content in paid Meta ads, mass marketing emails and social media posts on at least July 18, September 1, 18, 25, 30, and October 1, 5 copies of which are attached as Exhibit 4C. Of those paid ads, one example includes a paid ad by an external travel agency – All-Travel. This usage indicates that GVI has also shared the playbook, or a portion of it, with an external company and agency partner.

29. MB owns the copyright to the literary work "River Cruising Messaging Playbook", a copy of which is attached hereto as Exhibit 5A. MB's copyright in the "River Cruising Messaging Playbook" is registered with the U.S. Copyright Office as Reg. No. TXu 2-560-800 with an effective date of June 25, 2026, a copy of which is attached as Exhibit 5B.

30. Subsequent to the registration of the "River Cruising Messaging Playbook" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in the "River Cruising Messaging Playbook" by using its foundational messaging architecture content in paid Meta ads on at least September 1, October, 1 and 8, 2026, copies of which are attached as Exhibit 5C.

31. MB owns the copyright to the literary work "Globus Choice Excursions", a copy of which is attached hereto as Exhibit 6A. MB's copyright in "Globus Choice Excursions" is registered with the U.S. Copyright Office as Reg. No. TX 2-560-801 with an effective date of June 25, 2026, a copy of which is attached as Exhibit 6B.

32. Subsequent to the registration of the "Globus Choice Excursions" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in the "Globus

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

Choice Excursions" by using its announcement/campaign copy content in at least one paid Meta ad on at least September 1, 2026, a copy of which is attached as Exhibit 6C.

33. MB owns the copyright to the literary work "Cruising Elevated Website Landing Pages", a copy of which is attached hereto as Exhibit 7A. MB's copyright in "Cruising Elevated Website Landing Pages" is registered with the U.S. Copyright Office as Reg. No. TXu 2-561-182 with an effective date of July 7, 2026, a copy of which is attached as Exhibit 7B.

34. Subsequent to the registration of the "Cruising Elevated Website Landing Pages" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in the "Cruising Elevated Website Landing Pages" by using its website and landing page content across the United States, Canada, United Kingdom, Australia and New Zealand pages, copies of which are attached as Exhibits 7C-1 through 7C-4, respectively.

35. MB owns the copyright to the literary work "Touring Website Landing Page", a copy of which is attached hereto as Exhibit 8A. MB's copyright in "Touring Website Landing Page" is registered with the U.S. Copyright Office as Reg. No. TXu 2-561-179 with an effective date of July 7, 2026, a copy of which is attached as Exhibit 8B.

36. Subsequent to the registration of the "Touring Website Landing Page" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in the "Touring Website Landing Page" by using its website and landing page content across the United States, Canada, United Kingdom, Australia and New Zealand pages, copies of which are attached as Exhibits 8C-1 through 8C-4, respectively.

37. MB owns the copyright to the literary work "Bringing Wow Copy", a copy of which is attached hereto as Exhibit 9A. MB has a copyright application for "Bringing Wow Copy", case no. 1-15192653761, pending with the U.S. Copyright

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

Office and filed on June 25, 2026. Plaintiffs shall amend this Complaint once the registration issues.

38. Subsequent to the application for registration of the “Bringing Wow Copy” copyright and after GVI’s July 14, 2026 termination of Plaintiffs’ public relations and communications-services, GVI willfully infringed MB’s copyright in the “Bringing Wow Copy” by using its content on at least five separate occasions, including three Globus paid ads on Meta, an organic post on Instagram, and a mass customer marketing email, copies of which are attached as Exhibit 9B.

39. MB owns the copyright to the literary work “12 Touring Styles-Quick Look”, a copy of which is attached hereto as Exhibit 10A. MB has a copyright application for “12 Touring Styles-Quick Look”, case no. 1-15192952517, pending with the U.S. Copyright Office and filed on June 25, 2026. Plaintiffs shall amend this Complaint once the registration issues.

40. Subsequent to the application for registration of the “12 Touring Styles-Quick Look” copyright and after GVI’s July 14, 2026 termination of Plaintiffs’ public relations and communications-services, Plaintiffs are informed and believe that GVI used the foundational messaging content in the “12 Touring Styles-Quick Look” copyright. Information evidencing this use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover evidence of Defendants’ willful infringement of Plaintiffs’ “12 Touring Styles-Quick Look” copyright. Plaintiffs at minimum seek a permanent injunction prohibiting Defendants from ever using any of the foundational messaging content found in the “12 Touring Styles-Quick Look” copyright.

41. MB owns the copyright to the literary work “Awards Copy”, a copy of which is attached hereto as Exhibit 11A. MB has a copyright application for “Awards Copy”, case no. 1-15193675620, pending with the U.S. Copyright Office and filed on June 25, 2026. Plaintiffs shall amend this Complaint once the registration issues.

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

42. Subsequent to the application for registration of the "Awards Copy" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, Plaintiffs are informed and believe that GVI used the foundational messaging architecture content in the "Awards Copy" copyright. Information evidencing this continued use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover evidence of Defendants' willful infringement of Plaintiffs' "Awards Copy" copyright. Plaintiffs at minimum seek a permanent injunction prohibiting Defendants from ever using any of the foundational messaging architecture content found in the "Awards Copy" copyright.

43. MB owns the copyright to the literary work "#AvalonInView", a copy of which is attached hereto as Exhibit 12A. MB has a copyright application for "#AvalonInView", case no. 1-15193675425, pending with the U.S. Copyright Office and filed on June 25, 2026. Plaintiffs shall amend this Complaint once the registration issues.

44. While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, the foundational messaging content from "#AvalonInView" could be found in virtually every one of Defendants' social media posts. Subsequent to the application for registration of the "#AvalonInView" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI has continued to use this foundational messaging architecture in virtually every one of its social media posts pre-dating July 14 to the present. Due to their sheer volume, identifying each such usage herein is prohibitive. Examples of Defendants willful infringement after the July 14, 2026 termination are attached hereto as Exhibit 12B.

45. MB owns the copyright to the literary work "Cruising Freedom Difference Campaign", a copy of which is attached hereto as Exhibit 13A. MB has a copyright application for "Cruising Freedom Difference Campaign", case no. 1-15193720891,

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

pending with the U.S. Copyright Office and filed on June 26, 2026. Plaintiffs shall amend this Complaint once the registration issues.

46. Subsequent to the application for registration of the "Cruising Freedom Difference Campaign" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, Plaintiffs are informed and believe that GVI used the foundational messaging content in the "Cruising Freedom Difference Campaign" copyright. Information evidencing this use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover evidence of Defendants' willful infringement of Plaintiffs' "Cruising Freedom Difference Campaign" copyright. Plaintiffs at minimum seek a permanent injunction prohibiting Defendants from ever using any of the foundational messaging architecture content found in the "Cruising Freedom Difference Campaign" copyright.

47. MB owns the copyright to the literary work "Cozy Cruise Collection", a copy of which is attached hereto as Exhibit 15A. MB has a copyright application for "Cozy Cruise Collection", case no. 1-15197366101, pending with the U.S. Copyright Office and filed on June 30, 2026. Plaintiffs shall amend this Complaint once the registration issues.

48. Subsequent to the application for registration of the "Cozy Cruise Collection" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in the "Cozy Cruise Collection" by using its foundational messaging content on the Avalon Waterways Website, a copy of which is attached hereto as Exhibit 15B.

49. MB owns the copyright to the literary work "Summer Sailings", a copy of which is attached hereto as Exhibit 16A. MB has a copyright application for "Summer Sailings", case no. 1-15197371026, pending with the U.S. Copyright Office and filed on June 30, 2026. Plaintiffs shall amend this Complaint once the registration issues.

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

50. Subsequent to the application for registration of the "Summer Sailings" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in "Summer Sailings" by using its foundational messaging content on at least one occasion in a mass marketing customer email on September 19, 2026, a copy of which is attached as Exhibit 16B.

51. MB owns the copyright to the literary work "About Us", a copy of which is attached hereto as Exhibit 17A. MB has a copyright application for "About Us", case no. 1-15197367843, pending with the U.S. Copyright Office and filed on June 30, 2026. Plaintiffs shall amend this Complaint once the registration issues.

52. Subsequent to the application for registration of the "About Us" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed MB's copyright in "About Us" by using its foundational messaging content linked to the bottom of the current webpage for the Avalon newsroom at https://www.avalonwaterways.com/newsroom/, copies of which are attached as Exhibits 17B and 17C.

53. MB owns the copyright to the literary work "Storyteller Series", a copy of which is attached hereto as Exhibit 18A. MB has a copyright application for "Storyteller Series", case no. 1-15201580164, pending with the U.S. Copyright Office and filed on July 7, 2026. Plaintiffs shall amend this Complaint once the registration issues.

54. Subsequent to the application for registration of the "Storyteller Series" copyright and after GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI used the foundational messaging content in the "Storyteller Series" copyright on Defendants' website at www.avalonwaterways.com/storyteller, a copy of which is attached hereto as Exhibit 18B. In addition to this willful infringement Plaintiffs are informed and believe that Defendants have used the "Storyteller Series" elsewhere. Information evidencing this

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

continued use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover additional evidence of Defendants' willful infringement of Plaintiffs' "Storyteller Series" copyright.

55. MB owns the copyright to the literary work "GFOB Hashtag Copy". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, the brand hashtags content from "GFOB Hashtag Copy" such as #TravelSetsYouFree and #WorldWithinReach could be found in in Meta ads and on social media posts on Instagram and Facebook, examples of which are attached hereto as Exhibit 19A. After GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI willfully infringed the "GFOB Hashtag Copy" copyright by using the headline messaging "Travel That Sets You Free" and "The World Is Within Reach" as well as full paragraphs, many verbatim, in mass consumer marketing emails for all three brands (Globus, Cosmos and Avalon Waterways) dated August 3, 2026, September 1, 2, 14, October 1 and 8, 2026, attached hereto as Exhibit 19B.

56. MB owns the copyright to the literary work "GFOB Trade Copy-3 Profitability Pillars". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, the trade foundational content from "GFOB Trade Copy-3 Profitability Pillars", a copy of which is attached hereto as Exhibit 20A. After GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, Plaintiffs are informed and believe GVI reproduced, distributed, publicly displayed, prepared unauthorized derivative works based upon, and/or otherwise used the "GFOB Trade Copy-3 Profitability Pillars" copyright to market and sell Defendants' travel and tourism services to the consuming public, as shown in ad copy in Open Jaw titled "GFOB Unveils Trade Brand Campaign, Portal and Education Platform" from October 9, 2026, attached hereto as Exhibit 20B.

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

57. MB owns the copyright to the literary work "About Us". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, the foundational messaging content from the "About Us" Globus campaign, a copy of which is attached hereto as Exhibit 21A. After GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI reproduced, distributed, publicly displayed, prepared unauthorized derivative works based upon, and/or otherwise used the "About Us" copyright to market and sell Globus travel and tourism services to the consuming public at the bottom of the current webpage at https://www.globusjourneys.com/newsroom/, a copy of which is attached hereto as Exhibit 21B.

58. MB owns the copyright to the literary work "River Cruising Chapter Emails". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, MB created the content for "River Cruising Chapter Emails", examples of which are attached hereto as Exhibit 22A. Subsequent to GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI used the content in the "River Cruising Chapter Emails", an August 25, 2026 and September 3, 2026 email containing infringing content are attached hereto as Exhibit 22B. In addition to this willful infringement Plaintiffs are informed and believe there are other instances when Defendants reproduced, distributed, publicly displayed, prepared unauthorized derivative works based upon, and/or otherwise used the "River Cruising Chapter Emails" copyright to market and sell Defendants' travel and tourism services to the consuming public. Information evidencing this continued use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover additional evidence of Defendants' willful infringement of Plaintiffs' "River Cruising Chapter Emails" copyright.

59. MB owns the copyright to the literary work "Touring Chapter Emails". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, MB created the content for "Touring Chapter Emails",

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

examples of which are attached hereto as Exhibit 23A. Subsequent to GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI used the content in the "Touring Chapter Emails", July 22, 2026, September 10, 2026, and September 16, 2026 emails containing infringing content are attached hereto as Exhibit 23B. In addition to this willful infringement Plaintiffs are informed and believe there are other instances when Defendants reproduced, distributed, publicly displayed, prepared unauthorized derivative works based upon, and/or otherwise used the "Touring Chapter Emails" copyright to market and sell Defendants' travel and tourism services to the consuming public. Information evidencing this continued use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover additional evidence of Defendants' willful infringement of Plaintiffs' "Touring Chapter Emails" copyright.

60. MB owns the copyright to the literary work "River Cruising Destination Emails". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, MB created the content for "River Cruising Destination Emails", examples of which are attached hereto as Exhibit 24A. Subsequent to GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI used the content in the "River Cruising Destination Emails", as shown in at least July 18, 23, 25, August 4, 6, 8, 11, 13, 15, September 5, 8, 10, 28, of 2026 emails containing infringing content are attached hereto as Exhibit 24B. In addition to this willful infringement Plaintiffs are informed and believe there are other instances when Defendants continued to reproduce, distribute, publicly display, prepare unauthorized derivative works based upon, and /or otherwise used the "River Cruising Destination Emails" copyright to market and sell Defendants' travel and tourism services to the consuming public. Information evidencing this continued use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover additional evidence of

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

Defendants' willful infringement of Plaintiffs' "River Cruising Destination Emails" copyright.

61. MB owns the copyright to the literary work "Video Scripts". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, MB created the content for "Video Scripts", examples of which are attached hereto as Exhibit 25A. Subsequent to GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI used the content in the "Video Scripts" shown in Exhibit 25B with videos on the company's YouTube channels. In addition to this willful infringement Plaintiffs are informed and believe there are other instances when Defendants reproduced, distributed, publicly displayed, prepared unauthorized derivative works based upon, and/or otherwise used the "Video Scripts" copyright to market and sell Defendants' travel and tourism services to the consuming public, including Meta ads and social media posts. Information evidencing this continued use is more readily if not exclusively available to and in the possession of Defendants. Plaintiffs shall amend their Complaint should they discover additional evidence of Defendants' willful infringement of Plaintiffs' "Video Scripts" copyright.

62. MB owns the copyright to the literary work "The Lighthouse Project". While Plaintiffs continued to provide GVI public relations and communications-services to Defendants, MB created the announcement campaign content for "The Lighthouse Project". Subsequent to GVI's July 14, 2026 termination of Plaintiffs' public relations and communications-services, GVI continued to use the announcement campaign content in the "The Lighthouse Project", a September 13, 2026 consumer marketing email containing infringing content are attached hereto as Exhibit 26A.

63. Upon information and belief, Defendants have without authorization copied in many instances verbatim and reproduced, distributed, publicly displayed, prepared unauthorized derivative works based upon, licensed, sublicensed, and/or otherwise exploited the MB Creative Works without authorization and independent of Plaintiffs to market and sell Defendants' travel and tourism services to the consuming

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

public, including in the Central District of California.

64. GVI has no license or other right or permission to copy or otherwise use the MB Creative Works after Defendants terminated Plaintiffs' public relations and communications-services.

65. Defendants had knowledge of Plaintiffs' ownership of and asserted exclusive rights in the MB Creative Works, including through Plaintiffs' written notices dated July 14, 2026, September 1, 2026, and October 8, 2026.

66, Notwithstanding such knowledge and notice and without Plaintiffs' authorization, Defendants have continued to engage in acts infringing Plaintiffs' exclusive rights in the MB Creative Works without obtaining a license or purchasing the MB Creative Works from Plaintiffs.

67. By reproducing, distributing, publicly displaying, preparing unauthorized derivative works based upon, and otherwise using the MB Creative Works to market and sell Defendants' travel and tourism services without authorization, GVI has infringed and continues to infringe Plaintiffs' copyrights in violation of 17 U.S.C. § 501, thereby damaging Plaintiffs.

68. Defendants' continued infringement was knowing and intentional or, alternatively, undertaken with reckless disregard of or willful blindness to Plaintiffs' copyright rights.

69. Defendants continuing conduct described above constitutes willful and deliberate infringements of Plaintiffs' copyrights in the MB Creative Works.

70. With respect to the copyrights in the MB Creative Works satisfying the requirements of 17 U.S.C. § 412, Plaintiffs seek statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement under § 504(c)(2).

71. Unless enjoined by this Court, Defendants will continue their course of conduct and will continue to wrongfully, willfully, and deliberately copy, distribute, infringe upon, and otherwise profit from MB's copyrighted works. As a direct and

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

proximate result of Defendants' conduct, MB has already suffered and will continue to suffer irreparable harm. MB has no adequate remedy at law to redress the injuries that Defendants' continuing conduct would cause.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1. Judgment in Plaintiff's favor and against Defendants on all causes of action alleged in the Complaint;

2. For a determination that Defendants have infringed Plaintiffs' copyrights in violation of 17 U.S.C. § 501;

3. For preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 restraining Defendants, their officers, agents, servants, and employees, and all persons in concert or participation with the Defendants, from reproducing, distributing, publicly displaying, preparing unauthorized derivative works based upon, licensing to third parties, or otherwise using in an way the MB Creative Works, including to market and sell Defendants' travel and tourism services, or otherwise infringing MB's copyrights in the MB Creative Works;

4. An immediate preliminary order requiring Defendants and officers, agents, servants, and employees, and all persons in concert or participation with the Defendants to preserve and not destroy all evidence, including documents and communications, whether electronic or paper, relevant to the allegations in this Complaint;

5. A permanent order compelling the impounding, destruction, and disposition of any literature, playbooks, guides, emails, landing pages, marketing, advertising and other materials bearing copies, derivations, variations, or reproductions in Defendants' possession that infringe MB's copyrights in the MB Creative Works;

6. That the Defendants be directed to file with this Court and serve on the Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth the detailed manner and form in which the Defendants have

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

complied with the injunction and impoundment order.

7. For Plaintiffs' actual, incidental, consequential, and special damages according to proof;

8. That the Defendants be required to account for and be disgorged of all gains, profits, and advantages realized from their infringing use of MB's copyrights in the MB Creative Works;

9. A reasonable royalty for the infringing use of the MB Creative Works;

10. For a determination that Defendants' infringement was willful;

11. For statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 for each eligible copyrighted work infringed willfully, as permitted by 17 U.S.C. §§ 504(c)(2) and 412, at Plaintiffs' election;

12. Unjust enrichment and restitution damages according to proof;

13. Reputational damage;

14. That the Defendants be required to pay Plaintiffs' costs, expenses, and reasonable attorney's fees in connection with this action pursuant to 17 U.S.C. § 505;

15. For prejudgment interest at the maximum legal rate;

16. Post-judgment interest;

17. For such other and further relief as the Court deems just and proper; and

18. All other relief to which Plaintiffs may be entitled at law or equity.

Dated: October 15, 2026

VEGH IP LEGAL

By: /Stephen Z. Vegh/
Stephen Z. Vegh
Attorney for Plaintiffs
MELANIE BORN and
EDA PUBLIC RELATIONS, INC.

VEGH IP LEGAL
1240 ROSECRANS AVENUE, SUITE 120
MANHATTAN BEACH, CA 90266
PHONE: (310) 980-7440

**DEMAND FOR JURY TRIAL**

Plaintiffs, Melanie Born and EDA Public Relations, Inc., hereby demand a jury trial on all claims for relief.

Dated: October 15, 2026

VEGH IP LEGAL

By: /Stephen Z. Vegh/
Stephen Z. Vegh
Attorney for Plaintiffs
MELANIE BORN and
EDA PUBLIC RELATIONS, INC.